

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>[1] DAVID GOMEZ-OLMEDA,<br>   a.k.a. "Junito King Cabra";<br>   (Counts 1, 2, 3, 4, 5 & 6)<br>[2] ANGEL FORTEZA-GARCIA,<br>   a.k.a. "Bebé";<br>   (Counts 1, 2, 3, 4 & 5)<br>[3] MIGUEL FORTEZA-GARCIA,<br>   a.k.a. "Mike" a.k.a. "Mikey";<br>   (Counts 1, 2, 3, 4, & 5)<br>[4] NORBERTO JIMENEZ-RODRIGUEZ,<br>   a.k.a. "Tito" a.k.a "Bertito";<br>   (Counts 1, 2, 3, 4, & 5);<br>Defendants. | **FIRST SUPERSEDING INDICTMENT**<br><br>CRIMINAL NO. 03-073 (JAF)<br>VIOLATION: TITLE 18 U.S.C. §§ 2114, 2112, 924 (j), 844 (f)(1), 1361, 922 (g) and 2.<br><br>(SIX COUNTS) |

**THE GRAND JURY CHARGES:**

### COUNT ONE

From on or about March 4, 2003, up to and including March 5, 2003, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] DAVID GOMEZ-OLMEDA,
a.k.a. "Junito King Cabra";
[2] ANGEL FORTEZA-GARCIA,
a.k.a. "Bebé";
[3] MIGUEL FORTEZA-GARCIA,
a.k.a. "Mike" a.k.a. "Mikey";
[4] NORBERTO JIMENEZ-RODRIGUEZ,
a.k.a. "Tito" a.k.a "Bertito";

the defendants herein, aiding and abetting each other, and, aided and abetted by others to the Grand Jury unknown, did willfully, intentionally and unlawfully assault A.V.G., who lawfully had charge, control, or custody of money of the United States that is, approximately One Thousand Four



FIRST SUPERSEDING INDICTMENT
United States v. David Gomez-Olmeda, et al.,
Criminal No. 03- 073 (JAF)
Page No. 2

Hundred Dollars ($1,400.00), with intent to rob, steal, or purloin said money, and in effecting such robbery they wounded A.V.G., the custodian of said money and put his life in jeopardy, by shooting several times A.V.G. and causing his death, all in violation to Title 18 United States Code Sections 2114 and 2.

## COUNT TWO

From on or about March 4, 2003, up to and including March 5, 2003, in the District of Puerto Rico and within the jurisdiction of this Court,

> [1] DAVID GOMEZ-OLMEDA,
> a.k.a. "Junito King Cabra";
> [2] ANGEL FORTEZA-GARCIA,
> a.k.a. "Bebé";
> [3] MIGUEL FORTEZA-GARCIA,
> a.k.a. "Mike" a.k.a. "Mikey";
> [4] NORBERTO JIMENEZ-RODRIGUEZ,
> a.k.a. "Tito" a.k.a "Bertito";

the defendants herein, aiding and abetting each other, and, aided and abetted by others to the Grand Jury unknown, did willfully, intentionally and unlawfully rob A.V.G. of any kind or description of personal property belonging to the United States that is, approximately One Thousand Four Hundred Dollars ($1,400.00), all in violation to Title 18 United States Code Sections 2112 and 2.

## COUNT THREE

From on or about March 4, 2003 up to and including March 5, 2003, in the District of Puerto Rico and within the jurisdiction of this Court,

> [1] DAVID GOMEZ-OLMEDA,
> a.k.a. "Junito King Cabra";
> [2] ANGEL FORTEZA-GARCIA,
> a.k.a. "Bebé";
> [3] MIGUEL FORTEZA-GARCIA,
> a.k.a. "Mike" a.k.a. "Mikey";
> [4] NORBERTO JIMENEZ-RODRIGUEZ,
> a.k.a. "Tito" a.k.a "Bertito";

FIRST SUPERSEDING INDICTMENT
United States v. David Gomez-Olmeda, et al.,
Criminal No. 03- 073 (JAF)
Page No. 3

the defendants herein, aiding and abetting each other, and, aided and abetted by others to the Grand Jury unknown, did willfully, intentionally and unlawfully possess, use or carry a firearm during and in relation to a crime of violence, as that term is defined in Section 924(c)(3) of Title 18, United States Code, that is, assaulting an individual who lawfully had charge, control, or custody of money of the United States, with intent to rob, steal, or purloin said money, as set forth in COUNT ONE herein, which is realleged and incorporated by reference herein, an offense that they could be prosecuted in a court of the United States as a violation to Title 18, United States Code, Section 2114, and, in the course of that crime of violence, the defendants herein unlawfully killed A.V.G. with malice and aforethought through the use of a firearm, which is murder as defined in Title 18 United States Code Section 1111, by knowingly, willfully, deliberately and maliciously and with premeditation shooting A.V.G. with a firearm thus causing his death, all in violation of Title 18 United States Code Section 924 (j) and 2.

## COUNT FOUR

From on or about March 4, 2003, up to and including March 5, 2003, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] **DAVID GOMEZ-OLMEDA**,
a.k.a. "Junito King Cabra";
[2] **ANGEL FORTEZA-GARCIA**,
a.k.a. "Bebé";
[3] **MIGUEL FORTEZA-GARCIA**,
a.k.a. "Mike" a.k.a. "Mikey";
[4] **NORBERTO JIMENEZ-RODRIGUEZ**,
a.k.a. "Tito" a.k.a "Bertito";

the defendants herein, aiding and abetting each other, and, aided and abetted by others to the Grand Jury unknown, did willfully, intentionally, unlawfully and maliciously attempt to damage or destroy,

FIRST SUPERSEDING INDICTMENT
United States v. David Gomez-Olmeda, et al.,
Criminal No. 03- 073 (JAF)
Page No. 4

by means of fire, a vehicle in whole or in part owned and possessed by the United States or any department or agency thereof, to wit: a white colored Ford Windstar, year 2002, vehicle identification number 2FMZA51433BA50909, all in violation to Title 18 United States Code Sections 844 (f) (1) and 2.

## COUNT FIVE

From on or about March 4, 2003, up to and including March 5, 2003, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] DAVID GOMEZ-OLMEDA,
a.k.a. "Junito King Cabra";
[2] ANGEL FORTEZA-GARCIA,
a.k.a. "Bebé";
[3] MIGUEL FORTEZA-GARCIA,
a.k.a. "Mike" a.k.a. "Mikey";
[4] NORBERTO JIMENEZ-RODRIGUEZ,
a.k.a. "Tito" a.k.a "Bertito";

the defendants herein, aiding and abetting each other, and, aided and abetted by others to the Grand Jury unknown, did wilfully, intentionally and unlawfully attempt to injure or commit any depredation against property of the United States, or of any department or agency thereof, to wit: a white colored Ford Windstar, year 2002, vehicle identification number 2FMZA51433BA50909, all in violation to Title 18 United States Code Sections 1361 and 2.

## COUNT SIX

From on or about March 4, 2003, up to and including March 5, 2003, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] DAVID GOMEZ-OLMEDA,
a.k.a. "Junito King Cabra";

the defendant herein, who has been convicted in any court, of a crime punishable by imprisonment

**FIRST SUPERSEDING INDICTMENT**
United States v. David Gomez-Olmeda, et al.,
Criminal No. 03- 073 (JAF)
Page No. 5

for a term exceeding one year, did knowingly and unlawfully possess in or affecting commerce any firearm or ammunition or receive any firearm or ammunition, as those terms are defined in Title 18, United States Code, Sections 921(a)(3) and 921(a)(17)(A) respectively, that is: a loaded 9mm caliber, pistol, which firearm or ammunition has been shipped or transported in interstate or foreign commerce.

It is alleged that David Gomez-Olmeda, the defendant herein, committed the above-mentioned firearm offense after been convicted and sentenced to two (2) years of imprisonment for a violation of the Puerto Rico Weapons Law and six (6) years of probation for a Involuntary Manslaughter, in the Superior Court of Puerto Rico, Carolina Part. All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

FIRST SUPERSEDING INDICTMENT
United States v. David Gomez-Olmeda, et al.,
Criminal No. 03- 073 (JAF)
Page No. 6

## NOTICE OF SPECIAL FINDINGS

The Grand Jury hereby repeats and re-alleges the accusations of Counts One through Six of this Superseding Indictment.

1. As to COUNT THREE of the Superseding Indictment, **co-defendant [1] DAVID GOMEZ-OLMEDA**:

    a.) was 18 years of age or older at the time of the offenses;

    b.) intentionally killed the victim, A.V.G. (18 U.S.C. §3591(a)(2)(A));

    c.) intentionally inflicted serious bodily injury that resulted in the death of A.V.G. (18 U.S.C. §3591(a)(2)(B));

    d.) intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and A.V.G. died as a direct result of the act (18 U.S.C. §3591(a)(2)(C));

    e.) intentionally and specifically engaged in an act of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constitutes a reckless disregard for human life, and A.V.G. died as a direct result of the act (18 U.S.C. §3591(a)(2)(D));

    f.) has a previous conviction of a violent felony involving a firearm (18 U.S.C. § 3592(c)(2));

    g.) committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture and physical abuse to the victim A.V.G. (18 U.S.C. §3592(c)(6));

    h.) committed the offense as consideration for the receipt, and in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. §3592(c)(8)), and;

    i.) committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. §3592(c)(9)).

FIRST SUPERSEDING INDICTMENT
United States v. David Gomez-Olmeda, et al.,
Criminal No. 03- 073 (JAF)
Page No. 7

2. As to COUNT THREE of the Superseding Indictment, **co-defendant [2] ANGEL FORTEZA-GARCIA:**

    a.) was 18 years of age or older at the time of the offenses;

    b.) intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and A.V.G. died as a direct result of the act (18 U.S.C. §3591(a)(2)(C));

    c.) intentionally and specifically engaged in an act of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constitutes a reckless disregard for human life, and A.V.G. died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)), and;

    d.) committed the offense as consideration for the receipt, and in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. §3592(c)(8)).

3. As to COUNT THREE of the Superseding Indictment, **co-defendant [3] MIGUEL FORTEZA-GARCIA:**

    a.) was 18 years of age or older at the time of the offenses;

    b.) intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and A.V.G. died as a direct result of the act (18 U.S.C. §3591(a)(2)(C));

    c.) intentionally and specifically engaged in an act of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constitutes a reckless disregard for human life, and A.V.G. died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)); and

    d.) committed the offense as consideration for the receipt, and in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. §3592(c)(8)).

FIRST SUPERSEDING INDICTMENT
United States v. David Gomez-Olmeda, et al.,
Criminal No. 03- 073 (JAF)
Page No. 8

4.  As to COUNT THREE of the Superseding Indictment, **co-defendant [4] NORBERTO JIMENEZ-RODRIGUEZ:**

   a.) was 18 years of age or older at the time of the offenses;

   b.) intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and A.V.G. died as a direct result of the act (18 U.S.C. §3591(a)(2)(C));

   c.) intentionally and specifically engaged in an act of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constitutes a reckless disregard for human life, and A.V.G. died as a direct result of the act (18 U.S.C. §3591(a)(2)(D));

   d.) committed the offense as consideration for the receipt, and in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. §3592(c)(8)), and;

FOREPERSON
Date: 7/2/03

H.S. GARCIA
United States Attorney

Sonia I. Torres
Assistant United States Attorney
Chief, Criminal Division

Edwin O. Vazquez
Assistant United States Attorney
Deputy Chief, Violent Crimes

Lynn Doble-Salicrup, 212905
Assistant United States Attorney
Date: July 2, 2003.